■ In the Matter of ARTHUR AUERBACH, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF CITY OF NEW YORK et al., Respondents. In the Matter of EDWARD AQUILONE, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF CITY OF NEW YORK et al., Respondents. In the Matter of PATRICIA STRYKER, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF CITY OF NEW YORK et al., Respondents. [611 NYS2d 536] —Judgment, Supreme Court, Kings County (Samuel Greenstein, J.) entered on or about February 13, 1991, which dismissed the petition brought pursuant to CPLR article 78 challenging a determination of the respondents calculating, inter alia, a lump-sum payment for unused sick leave upon retirement, reversed, on the law, the petition granted and the matter remanded to respondent Board of Education to recalculate said payment, without costs.

Judgment, Supreme Court, Kings County (Aaron Bernstein, J.), entered on or about October 7, 1991, which dismissed the petition brought pursuant to article 78 challenging a determination of the respondents calculating, inter alia, a lump-sum payment for unused sick leave upon retirement, reversed, on the law, the petition granted and the matter remanded to respondent Board of Education to recalculate said payment, without costs.

Judgment, Supreme Court, Kings County (Gilbert Ramirez, J.), entered on or about March 18, 1991, which dismissed the petition brought pursuant to article 78 challenging a determination of the respondents calculating, inter alia, a lump-sum payment for unused sick leave upon retirement, reversed, on the law, the petition granted and the matter remanded to respondent Board of Education to recalculate said payment, without costs.

Under Education Law § 3107, employees of the Board of Education who are members of the New York City teachers' retirement system are entitled to a retirement leave of absence with full pay consisting of one-half of their accumulated unused sick leave, up to a maximum of one school semester or the equivalent number of school days. This statute is unambiguous in its application of the benefit to all members of the New York City teachers' retirement system and we reject respondent's attempt to limit its application to members who are "pedagogical/non-managerial" employees, primarily teachers, thereby excluding managerial employees who are also members of the teachers' retirement system. Contrary to respondent, we find it impossible to characterize the statute's clearly stated application of its provisions to all members as "ambiguous" merely because the statute also states that the number of sick days which may be accumulated is limited by the length of a school term. While this is a measure more appropriate for teachers, who work by school terms, than for managerial employees, it is not certainly not impossible or even difficult to apply this measure to managers. The mere fact that a measure was used that was most conveniently applied to the vast majority of members who are teachers hardly renders ambiguous the straightforward language applying the statute to all system members.

Since the statute is not ambiguous and its result is not absurd, there is no need to resort to legislative history *(Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 675). However, even were we to consider the legislative history, respondent points to nothing therein which clearly indicates that the Legislature intended to exclude managerial employees. The mere reference by some commentators to the fact that the legislation would benefit teachers does not clearly indicate that managerial employees were to be excluded. This is particularly so in light of the expansive statutory definition of the term "teacher" contained in the legislation which established the teachers' retirement system *(see,* Administrative Code of City of NY § 13-501 [7] [a], which clearly includes certain managerial employees).

In light of the absence of any indication in the statute or legislative history that the Legislature intended to exclude employees such as petitioners, respondent's arguments that it would have made better sense to have done so are unavailing. Petitioners' retirement leave of absence for accumulated unused sick leave must therefore be reevaluated to compute their accumulated sick leave during their employment in

managerial positions according to the statutory mandate, rather than to the less favorable terms contained in respondent's regulatory scheme. Concur—Murphy, P. J., Ellerin and Wallach, JJ.

Kupferman and Nardelli, JJ., dissent for the reasons stated by Greenstein, Bernstein and Ramirez, JJ., respectively.